IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR479 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MARTIN MARQUEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Martin Marquez: Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 147). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Marquez was found guilty after a jury trial of Count I of the Indictment charging him with conspiracy to distribute or possess with intent to distribute methamphetamine. On August 10, 2009, Marquez was sentenced to 119 months imprisonment and 5 years supervised release. The Eighth Circuit Court of Appeals affirmed this Court's Judgment, and the circuit court denied Marquez's petition for rehearing by the panel. Marquez timely filed his § 2255 motion.

**DISCUSSION**

In his § 2255 motion, Marquez alleges ten claims of ineffective assistance of counsel. Marquez merely listed his claims, without including the "facts supporting each ground," as required.[1]  Rule 2(b)(2) Governing Section 2255 Proceedings.

In order to establish ineffective assistance of counsel, Marquez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

## I. Failure to Investigate or Listen to Defendant's Version

Marquez did not state what counsel allegedly failed to investigate or the substance of his version of his case. Because the facts supporting his claim were not included, this claim is summarily denied.

## II. Failure to Challenge Indictment for Lack of Evidence

On appeal, the Eighth Circuit concluded that the evidence was sufficient to support a guilty verdict. Therefore, Marquez cannot meet the second prong of the *Strickland* test regarding prejudice, and this claim is summarily denied.

---

[1] In an attached document captioned "facts supporting" Marquez's sole stated claim of ineffective assistance of counsel he listed his ten claims of ineffective assistance with few, if any, supporting facts.

### III. Failure to Object to Testimony of Witnesses Robert Morimoto and Carolyn Russell

Marquez argues that counsel was ineffective for failing to object to the trial testimony of government witnesses Robert Morimoto and "girlfriend Caroline."[2]

Marquez's attorney zealously cross-examined both witnesses. Marquez cannot prove either *Strickland* prong, and this claim is summarily denied.

### IV. Failure to Object to Testimony of Witness Rose Daggett

Marquez argues that counsel was ineffective for failing to object to the trial testimony of government's witness Rose Daggett.

Marquez's attorney zealously cross-examined Daggett. Marquez cannot prove either *Strickland* prong, and this claim is summarily denied.

### V. Failure to Object to Evidence

Marquez argues that his attorney was ineffective for failing to object to evidence of narcotics that belonged to another person, "Octavio."

The government will be ordered to answer this claim.

### VI. Failure to Object or Investigate Connection of Drugs to Defendant

Marquez argues, without stating any supporting facts, that his attorney was ineffective for failing to "object or properly investigate if any seized narcotics had any correlation or nexus to me." (Filing No. 147, at 15.)

---

[2]Apparently, Marquez refers to the witness, Carolyn Russell.

The Court notes that Marquez's attorney zealously represented him at trial. Moreover, Marquez has not included any supporting facts, as required. Therefore, this claim will be summarily denied.

### VII. Failure to Move for Dismissal

Marquez alleges his counsel was ineffective for failing to move at trial for a dismissal of the Indictment due to a lack of evidence.

The Eighth Circuit found the evidence sufficient to support the jury verdict. Therefore, because Marquez cannot prove the second *Strickland* prong, this claim is summarily denied.

### VIII. Failure to Interview Government Witnesses

Marquez alleges his counsel was deficient for failing to interview government witnesses, noting that in his opinion the government only presented "unreliable witnesses with ulterior and personal motives." (Filing No. 147, at 15.)

Marquez's claim rests on the government's prosecution of this case as a "dry conspiracy." Defense counsel thoroughly and zealously cross-examined the government's witnesses and therefore Marquez's goal of casting the witnesses as "unreliable" and "with ulterior motives" was met.

Marquez cannot prove either *Strickland* prong, and this claim is summarily denied.

### IX. Motion to Suppress; Jury Instruction Regarding Defendant's Version

Marquez argues his attorney was ineffective for not filing a motion to suppress. However, Marquez did not include supporting facts, including what evidence should have been suppressed or on what grounds.

Marquez argues his counsel was deficient in not submitting a proposed jury instruction stating his theory of defense. The relevant Eighth Circuit Model Jury Instruction is instruction 9.05 (Theory of Defense). Accompanying instruction 9.05 are committee comments stating that, for example, in order to be given the instruction must: correctly state the law and be supported by the evidence; not be redundant; and must not be long, verbose, or include detailed descriptions of evidence and inferences drawn from that evidence. EIGHTH CIRCUIT MODEL JURY INSTRUCTION 9.05 COMMITTEE COMMENTS. Marquez did not state any facts indicating the substance of his desired jury instruction.

Because Marquez failed to include supporting facts and cannot prove the second prong of the *Strickland* test, this claim will be summarily denied.

## X.   Disqualification of Trial Judge

Marquez alleges that his attorney was ineffective for not moving for recusal of the trial judge, "who had past encounters with drugs that involved a family member that resulted in death." (Filing No. 147, at 15.)

Marques's failure to include supporting specific facts results in a summary denial of this claim.

## CONCLUSION

Claims I through IV, and VI through X, will be summarily denied. The United States shall respond to Claim V by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether the claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 147);

2.  Upon initial review, the Court summarily dismisses Claims I through IV and Claims VI through X;

3.  On or before May 23, 2011, the United States shall file an Answer to the balance of Claim V and support its Answer with a brief;

4.  On or before June 23, 2011, the Defendant may file a responsive brief;

5.  The Defendant's motion for leave to proceed in forma pauperis (Filing No. 148) is held in abeyance; and

6.  The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge