## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:08CR479** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **MARTIN MARQUEZ,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 147) and the Motion for Leave to Proceed in Forma Pauperis (Filing No. 148) filed by the Defendant, Martin Marquez. The government filed a brief in support of its Answer (Filing No. 154). The Defendant filed a reply brief (Filing No. 157). On initial review, the Court summarily dismissed Claims I through IV and VI through X and required the government to answer Claim V. For the reasons discussed below, the § 2255 motion will be denied on its merits.

## FACTUAL BACKGROUND

Marquez was found guilty after a jury trial of Count I of the Indictment charging him with conspiracy to distribute or possess with intent to distribute methamphetamine. On August 10, 2009, Marquez was sentenced to 119 months imprisonment and 5 years supervised release. The Eighth Circuit Court of Appeals affirmed this Court's Judgment, and the circuit court denied Marquez's petition for rehearing by the panel. Marquez timely filed his § 2255 motion.

## DISCUSSION

In order to establish ineffective assistance of counsel, Marquez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Marquez argues in Claim V that his counsel was ineffective for failing to object to the evidence of narcotics that belonged to another individual, "Octavio." In the government's brief supporting its Answer, the government notes that defense counsel, Assistant Federal Public Defender Jeffrey Thomas, questioned trial witnesses about Octavio Arreola. The government stated that "[t]he defense trial strategy was to show through extensive cross-examination that the cooperating witnesses had 'Octavio' as a source of methamphetamine," and the "cross-examination was an attempt to defer the allegations against Marquez." (Filing No. 154, at 16. *See, e.g.,* Filing No. 131, at 46 (cross-examination of government witness Sergeant Shawn McFarland).) Defense counsel, of course, cannot be ineffective for not objecting to his own line of questioning. Moreover, the Eighth Circuit Court of Appeals has stated that it "'generally entrust[s] cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel.'" *United States v. Orr,* 636 F.3d 944, 952 (8th Cir. 2011) (quoting *United States v. Villalpando,*

259 F.3d 934, 939 (8th Cir. 2001)), *petition for cert. filed*, __ U.S.L.W. __ (U.S. July 22, 2011) (No. 11-5485).

In his reply brief, Marquez did not address Claim V. Rather, he raised a new claim, which will not be addressed.

## CONCLUSION

For the reasons discussed, Marquez cannot satisfy the *Strickland* test. The record conclusively shows that Marquez is not entitled to relief, and his § 2255 motion will be denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 147) is denied;

2. The Defendant's Motion for Leave to Proceed in Forma Pauperis (Filing No. 148) for is denied;

3. A separate Judgment will be filed; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 7th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3